## KLUG v. BERKLEY HOMES, INC.

1. JUDGMENT—SUMMARY JUDGMENT.
   A court may enter a summary judgment for the defendant only where there are no issues of fact which, if resolved in favor of plaintiff, would entitle him to a judgment (Court Rule No 30 [1945]).

2. SAME—SUMMARY JUDGMENT—EXISTENCE OF ISSUES OF FACT— PLEADING—AFFIDAVITS.
   On motion for summary judgment the existence of an issue of fact is determined by a consideration of the pleadings and the affidavits (Court Rule No 30 [1945]).

3. SAME—SUMMARY JUDGMENT—SUFFICIENCY OF AFFIDAVIT.
   Affidavit in support of defendants' motion for summary judgment in action for alleged breach of warranty of building construction contract was insufficient, where it neither denied nor mentioned the pleaded promise to repair the house and replace the defective materials (Court Rule No 30 [1945]).

---

REFERENCES FOR POINTS IN HEADNOTES
[1-5] 41 Am Jur, Pleading §§ 340-342.
[4] 20 Am Jur, Evidence § 1099.

4. EVIDENCE—PAROL EVIDENCE—AFFIDAVIT IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT.
  Reliance upon parol evidence rule to exclude testimony plain-
    tiffs might present in action for breach of warranty in build-
    ing construction contract was not warranted, where defend-
    ants' affidavit in support of motion for summary judgment
    failed to state that the written contract embodied the en-
    tire agreement between the parties.

5. JUDGMENT—SUMMARY JUDGMENT—PLEADING—ISSUES OF FACT.
  Granting defendants' motion for summary judgment was er-
    ror, where there were factual issues raised in the declara-
    tion which, if supported by competent proof, could result
    in a judgment against defendants.

Appeal from Oakland; Holland (H. Russel), J.
Submitted June 11, 1952. (Docket No. 75, Calendar
No. 45,251.) Decided October 6, 1952. Rehearing
denied December 9, 1952.

Action by Robert Klug and wife against Berkley
Homes, Inc., a Michigan corporation, and another
for damages for breach of contract. Summary
judgment for defendants. Plaintiffs appeal. Re-
versed and remanded.

  Kasoff & Young (Norman W. Stern, of counsel),
for plaintiffs.

  Armstrong, Essery, Helm & Marshall (Donald
W. Grant, of counsel), for defendants.

  BUSHNELL, J. Plaintiffs Robert Klug and Rose
Mary Klug, his wife, sought to recover damages
against defendants Berkley Homes, Inc., and Harry
Green, its president. Plaintiffs claim that the mate-
rials used in the house they purchased from the de-
fendant corporation were defective, and that the
construction of the house was not performed in a
good and workmanlike manner.

Plaintiffs alleged in part:

"That at the time of the said purchase of said premises, the said defendants, and each of them, warranted to the plaintiffs that the said home was in a good condition and built in accordance with the building conditions of the city of Oak Park and the requirements of the Veterans Administration.

"That upon completing said purchase from the said defendants, the said plaintiffs for the first time then discovered that the said home had numerous defects, of which the said defendants failed to advise the plaintiffs, but on the contrary, informed the said plaintiffs that the home was free from any structural or material defects. * * *

"That upon discovering that the aforesaid premises were constructed with defective materials and that the labor performed in erecting said home was not good and proper and in accordance with services ordinarily rendered in the construction of like homes, the said plaintiffs immediately notified the said defendants of all of the structural defects evident to them at that time and requested that the said defendants make the necessary repairs and defective materials replaced, all of which the said defendants promised to do, but to date of the filing of this declaration, have refused and neglected to make."

Defendants filed an answer and a motion for a summary judgment. The motion was supported by an affidavit by Green to the effect that he had not for himself or on behalf of the corporation made any promise or warranty to plaintiffs that the home erected upon the property was constructed in a workmanlike manner and free from defective materials. He stated that, if sworn as a witness, he could testify as to these facts. A copy of the accepted agreement to purchase was attached to the motion. It was the theory of the defendants that, in the absence of written warranties and promises, plaintiffs could not prove their case because of the parol

evidence rule. When defendants' motion for a summary judgment was heard, plaintiffs did not appear and the court entered a judgment against them.

Plaintiffs moved to set aside this judgment. Their motion was supported by the affidavit of their attorney, who claimed that a settlement had been reached and that it was understood between the parties that the motion for the summary judgment would be held in abeyance pending the drafting of the settlement agreement. Plaintiffs also filed an affidavit of a contractor who described the various structural defects. Plaintiffs' motion to set aside the summary judgment was denied.

A court may enter a summary judgment for the defendant only where there are no issues of fact which, if resolved in favor of plaintiff, would entitle him to a judgment. See Court Rule No 30 (1945); *Whittenberg* v. *Carnegie,* 328 Mich 125.

The existence of an issue of fact is determined by a consideration of the pleadings and the affidavits. *Baxter* v. *Szucs,* 248 Mich 672, 675; *Bed* v. *Fallon,* 307 Mich 466, 472; and *Robertson* v. *New York Life Insurance Co.,* 312 Mich 92, 98.

The affidavit in support of defendants' motion for a summary judgment does not deny or even mention the pleaded promise to repair the house and replace the defective materials. It is, therefore, insufficient.

It does not state that the written contract embodies the entire agreement between the parties and, therefore, defendants' reliance upon the parol evidence rule is unwarranted. *Clare County Savings Bank* v. *Featherly,* 173 Mich 292, 301.

There are factual issues raised in the declaration which, if supported by competent proof, could result in a judgment against defendants. The court, therefore, erred in granting defendants' motion for a summary judgment.

The judgment is vacated and the cause is remanded

for further proceedings not inconsistent with this opinion. Costs to appellants.

DETHMERS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.