## JOHNSTON v AMERICAN OIL COMPANY

1. JUDGMENT—SUMMARY JUDGMENT—ISSUES OF FACT—COURT RULES.

A motion for summary judgment is appropriately granted only when there is no genuine issue as to any material fact raised in the pleadings (GCR 1963, 117.2[3]).

2. JUDGMENT—SUMMARY JUDGMENT—ISSUES OF FACT.

Summary judgment on the basis of an absence of any disputed material issue of fact is appropriate only where it would be impossible for the party against whom the summary judgment is being sought to bring sufficient proof to support his factual contention.

3. JUDGMENT—SUMMARY JUDGMENT—ISSUES OF FACT—AGENCY BY ESTOPPEL—APPARENT AUTHORITY.

A sufficient question of fact as to the existence of agency by estoppel or by apparent authority to defeat the granting of summary judgment to a national oil company defendant in a wrongful death action existed where the plaintiff alleged that a gas station defendant carried all the usual characteristics of the national oil company, the trademark name of the national oil company, the supplies and products sold were supplied to the station by a regional distributor defendant who in turn obtained them from the national oil company, and where the national oil company's advertising campaign promoted its name and products.

4. PRINCIPAL AND AGENT—APPARENT AUTHORITY—AGENCY BY ESTOPPEL.

The concepts of apparent authority and agency by estoppel are closely related, both depend on the manifestations by the alleged principal to a third person and reasonable belief by the third person that the alleged agent is authorized to bind the principal; the manifestation of the principal may be made

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 73 Am Jur 2d, Summary Judgment § 23 *et seq.*

[4, 5] 3 Am Jur 2d, Agency §§ 19, 73–76, 360.

Implied or apparent authority of agent to purchase or order goods or merchandise, 55 ALR2d 6.

directly to the third person or may be made to the community by signs or advertising.

5. PRINCIPAL AND AGENT—APPARENT AUTHORITY—AGENCY BY ESTOP-
   PEL—QUESTIONS OF FACT—JURY.
   Questions of apparent authority are questions of fact and there-
   fore for the jury to determine.

Appeal from Wayne, Richard M. Maher, J. Submitted Division 2 December 11, 1973, at Detroit. (Docket No. 15252.) Decided March 4, 1974.

Complaint by Julia M. Johnston, administratrix of the estate of John Johnston, deceased, against American Oil Company, Citrin Oil Company, and Meyer-James Couzens Standard Service for wrongful death. Summary judgment for defendant American Oil Company. Plaintiff appeals. Reversed and remanded.

*Lopatin, Miller, Bindes & Freeman* (by *Michael H. Feiler)*, for plaintiff.

*Alexander, Buchanan & Seavitt* (by *John N. Highland)*, for defendant American Oil Company.

Before: LESINSKI, C. J., and BASHARA and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. Plaintiff's decedent was fatally injured when he and two companions drove into the Meyer-James Couzens Standard Service station. For some unexplained reason, decedent and his companions "razzed" the proprietor, Joe Murphy, when he came out to service them. Because of this Murphy refused to provide them with any service. Thereupon decedent and one of his companions exited from the automobile and de-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

manded that Murphy sell them some gasoline. Both decedent and Murphy were carrying firearms and as might be expected this unfortunate state of affairs resulted in a shot being fired by Murphy which struck and killed decedent.

Plaintiff, as administratrix of decedent's estate, brought this wrongful death action against the Meyer-James Couzens Standard Service, Citrin Oil Company, the distributor of Standard Oil products in the Detroit area, and the American Oil Company. Both Citrin Oil Company and American Oil Company moved for summary judgment on the basis that there was no material issue of fact with respect to the status of Murphy as an independent contractor doing business as Meyer-James Couzens Standard Service. The trial court granted American's motion for summary judgment, but denied Citrin's similar motion. Plaintiff appealed from the adverse judgment entered in favor of defendant American Oil Company.

It is well established that a motion for summary judgment under GCR 1963, 117.2(3) is appropriately granted only when there is, in fact, no material issue of fact raised in the pleadings. *Kaminski v Standard Industrial Finance Co,* 325 Mich 364; 38 NW2d 870 (1949); *Klug v Berkley Homes, Inc,* 334 Mich 618; 55 NW2d 121 (1952); *Sliter v Cobb,* 388 Mich 202; 200 NW2d 67 (1972). The standard by which the question of whether a genuine issue of fact exists was commented upon in *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316, 320 (1973), wherein the Court stated:

"The courts are liberal in finding that a 'genuine issue' does indeed exist. As Honigman & Hawkins correctly comments, (1) the court will 'give the benefit of any reasonable doubt to the opposing party' and (2) 'the court must be satisfied that it is impossible for the

claim or defense to be supported at trial *because of some deficiency which cannot be overcome.'* (Emphasis added.)"

If we interpret the thrust of the Supreme Court's statement correctly, summary judgment on the basis of an absence of any disputed material issue of fact is appropriate only where it would be impossible for the party against whom the summary judgment is being sought to bring sufficient proof to support his factual contention. Given that stance, it is necessary to determine whether the pleadings and depositions already taken raise a sufficient question of fact as to Murphy's status.

Plaintiff alleged that since the gas station in question carried all the usual characteristics of a Standard Station, the trademark name of the American Oil Company, and since the supplies and products sold were supplied to the station by Citrin Oil who in turn obtained them from American, an agency relationship arose by virtue of apparent authority or by estoppel. American Oil's national advertising campaign promoting the Standard Oil name and products, including the slogans "As you travel ask us" and "You expect more from Standard and you get it", would seem to raise a sufficient question of fact as to the existence of agency by estoppel or by apparent authority to defeat the granting of summary judgment.

While we have found no Michigan authority directly on point, the situation herein is strikingly similar to that in *Gizzi v Texaco, Inc,* 437 F2d 308, 309, 310 (CA 3, 1971). In that case the district court granted defendant oil company's motion for summary judgment. On appeal the Court stated:

"The concepts of apparent authority, and agency by estoppel are closely related. Both depend on manifesta-

tions by the alleged principal to a third person, and reasonable belief by the third person that the alleged agent is authorized to bind the principal. The manifestations of the principal may be made directly to the third person, or may be made to the community, by signs or advertising."

The Court thereafter held:

"We are of the opinion that the court below erred in granting the motion. Questions of apparent authority are questions of fact and therefore for the jury to determine."

We believe the trial court herein likewise erred in granting the motion for summary judgment. The question, of course, is not whether Murphy is, in fact, an agent of defendant American Oil, the question is whether plaintiff has raised a material issue of fact that requires further proofs before the finder of fact. Here plaintiff has carried that burden.[1]

We would also note that, at the very least, the granting of the motion was premature. Clearly there were sufficient facts alleged to raise the question of agency between Murphy and Citrin Oil Company (as the trial court's denial of Citrin's motion reflects). Since plaintiff's third count of the amended complaint seems to raise the possibility that Murphy was an agent of Citrin who was in turn an agent of American, and the complaint would appear to contemplate discovery of matters pertaining to that issue, granting American's mo-

---

[1] The question here is thus distinguishable from *Brown v Standard Oil Co*, 309 Mich 101; 14 NW2d 797 (1944) and *Bluemer v Saginaw Cent Oil & Gas Serv, Inc*, 356 Mich 399; 97 NW2d 90 (1959), since the question in those cases was whether the proofs presented by plaintiff at trial were sufficient to defeat a directed verdict. The question here is whether plaintiff should be allowed to present those proofs.

tion was premature until such time as plaintiff has been able to complete discovery.

Reversed and remanded for proceedings not inconsistent with this opinion. Costs to abide the final result.

All concurred.