## SANDERS v CLARK OIL REFINING CORPORATION

1. JUDGMENT—SUMMARY JUDGMENT—PLEADING—FAILURE TO STATE A CLAIM.

   A motion for summary judgment on the grounds that the pleadings fail to state a claim upon which relief can be granted is to be tested only by the pleadings, and the court must accept as true the well pleaded facts contained therein and may grant judgment only when plaintiff's claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover.

2. JUDGMENT—SUMMARY JUDGMENT—PLEADING—NO ISSUE OF FACT—REASONABLE DOUBT—DEFICIENCY.

   A court should give the benefit of any reasonable doubt to the party opposing the motion, where it is faced with a motion for summary judgment based upon the grounds that there is no genuine issue as to any material fact, and should not grant judgment unless it finds from the pleadings, affidavits, depositions and other documentary evidence submitted by the parties that it is impossible for the claim to be supported at trial because of some deficiency which cannot be overcome.

3. PRINCIPAL AND AGENT—ESTOPPEL—REASONABLE RELIANCE—DEPOSITION—CONTRADICTION—SUMMARY JUDGMENT.

   Summary judgment should be granted against plaintiff in a tort action based upon a theory of agency by estoppel and implied agency where his own deposition states that he did not rely on the indicia of authority put forward by defendant and he cannot overcome this basic deficiency without establishing a clear contradiction between his deposition testimony and the evidence he would have to present at trial to establish such reliance.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment § 29.
[2] 73 Am Jur 2d, Summary Judgment § 35.
[3] 3 Am Jur 2d, Agency § 19.
    73 Am Jur 2d, Summary Judgment § 16.

Appeal from Genesee, Thomas C. Yeotis, J. Submitted Division 2 December 10, 1974 at Lansing. (Docket No. 17627.) Decided January 27, 1975.

Complaint by Torlice Sanders against Clark Oil Refining Corporation for damages resulting from gunshot injuries at a service station. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Barkey & Barkey, P. C.*, for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Harold J. Blanchet, Jr.*), for defendant.

Before: DANHOF, P. J., and BASHARA and ALLEN, JJ.

ALLEN, J. Plaintiff, allegedly shot in the abdomen while on the premises of a Clark Super 100 Service Station, appeals from the trial court's grant of summary judgment in favor of defendant on the dual grounds that plaintiff had failed to state a claim upon which relief could be granted and that there was no genuine issue as to any material fact. GCR 1963, 117.2(1) and (3).

In a bench-delivered opinion October 25, 1973, the trial court concluded that it was "duty bound" to grant summary judgment in favor of defendant. Relying upon *Brown v Standard Oil Co*, 309 Mich 101; 14 NW2d 797 (1944), the court opined, "It just appears to me there really is not any real control over the premises * * * " that the court could "interpret or read into the lease [between Fletcher Williams, proprietor of the gas station, and Clark Oil Company]".

Plaintiff's complaint alleged that defendant is liable on two counts; first, that plaintiff was a

business invitee of the service station, and that an employee shot him in the stomach; second, that defendant, by the use of various representation and advertisement, induced plaintiff to visit the station. Plaintiff alleged that defendant had the right and exercised the right to control the management of the station, and was therefore responsible for plaintiff's damages. In its order granting relief in favor of defendant, the court recited that the matters alleged in both counts failed to establish a claim upon which relief could be granted, and that as far as count two was concerned, plaintiff failed to present a genuine issue of fact as well as having failed to state a claim.

A motion for summary judgment granted under GCR 1963, 117.2(1) on the basis that the opposing party has failed to state a claim is to be tested only by the pleadings. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733, 734 (1974). In examining those pleadings, a court must accept as true the well-pleaded facts contained therein. *Weckler v Berrien Co Rd Comm,* 55 Mich App 7, 9; 222 NW2d 9, 10 (1974). *Crowther v Ross Chemical Co,* 42 Mich App 426, 431; 202 NW2d 577, 580 (1972), stated that:

"The test which the court should apply in considering motions under GCR 1963, 117.2(1) is whether plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery."

See also *Cooke v Highway Dept #2,* 55 Mich App 479, 483; 223 NW2d 15, 17 (1974). Crowther further noted that:

"where the resolution of the legal issue may depend greatly upon the factual context, summary judgment on the pleadings is never proper." 42 Mich App 426, 431.

We begin by summarizing the facts pleaded. Count one of plaintiff's complaint basically sets forth a theory of *respondeat superior,* a rule which means that "the master is liable for the act of a servant while the servant is acting within the scope of his employment". *Stewart v Napuche,* 334 Mich 76, 79; 53 NW2d 676, 677 (1952). See also *Truck Ins Exchange v Bd of County Rd Commrs,* 244 F Supp 782, 784 (WD Mich, 1965). A resolution of that issue initially depends on whether the person who allegedly shot plaintiff was in fact an employee of Clark Oil Company. Plaintiff's second count alleges two alternate theories by which the master-servant or the principal-agent relationship could be established. In count two, paragraph two, plaintiff alleges a claim of agency by estoppel. In count two, paragraph three, plaintiff alleges the theory of agency based upon defendant's right and exercise of that right to control the management of the service station at which plaintiff was allegedly injured.[1]

Our examination of plaintiff's complaint leads us to conclude that plaintiff properly stated a claim in each allegation pleaded. Count one alleged that the individual firing the shot was an employee of the defendant. Count two, paragraph two, stated defendant used the name "Clark Super 100 Service Station", and represented by its name and advertising that the station was under defendant's control, and that this was intended to induce the public and in fact did induce plaintiff to deal with

---

[1] Each brief is limited to a discussion of these two points, although plaintiff's statement of facts characterizes count one as an allegation of *respondeat superior* on the grounds that the alleged tortfeasor was defendant's agent or employee rather than an independent contractor. In light of the posture of the briefs and the facts involved, it is our view that plaintiff's second count offers two theories to support count one's general allegation of liability premised upon an agency relationship.

defendant. The facts so pleaded comport with the established elements of agency by estoppel, namely, that the principal, by its acts and conduct, held the alleged agent out as being authorized; and that a third person, such as plaintiff, relied in good faith upon such representation. *Flat Hots Co, Inc v Peschke Packing Co,* 301 Mich 331, 337; 3 NW2d 295, 297 (1942), *Howard v Park,* 37 Mich App 496, 499–500; 195 NW2d 39, 40 (1972), *lv den* 387 Mich 782 (1972). *Howard* quoted approvingly from *Stanhope v Los Angeles College of Chiropractic,* 54 Cal App 2d 141, 146; 128 P2d 705, 708 (1942), that plaintiff's belief in the agent's authority "must be a reasonable one". Paragraph three, count two, alleges that defendant "exercised control over the management of the service station * * * by contractual arrangements and also by the right of control". This is sufficient to state a claim of implied agency based upon the principal's control or right to control the alleged agent's activities. For the foregoing reasons we find the trial court erred in granting defendant summary judgment on the ground that the pleadings failed to state a claim upon which relief could be granted.

Did the trial court also err in concluding that summary judgment was proper because of the absence of a genuine issue as to any material fact? When faced with a motion for summary judgment on the grounds that "there is no genuine issue as to any material fact", GCR 1963, 117.2(3), the court should give the benefit of any reasonable doubt to the opposing party, and should not grant summary judgment unless it finds that "it is impossible for the claim * * * to be supported at trial because of some deficiency which cannot be overcome". *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316, 320 (1973). Inferences are to be

drawn in favor of the one opposing the motion, and the court is to consider the affidavits, pleadings, depositions and other documentary evidence submitted by the parties when determining whether or not to grant summary judgment. *Gamet v Jenks,* 38 Mich App 719, 723; 197 NW2d 160, 163 (1972). See also *McLaughlin v Consumers Power Co,* 52 Mich App 663, 666; 218 NW2d 122, 124 (1974).

In his deposition, plaintiff stated that he followed Joe Wright, his former girl friend's uncle, into the Clark gas station to assist Wright in delivering an automobile he had been working on. Plaintiff did not go to the gas station to obtain gasoline, nor was he involved in any way with Wright's repair work. Plaintiff's participation was limited to providing transportation for Wright's return to Wright's service station subsequent to delivery of the vehicle. Plaintiff testified that he purchased all kinds of gasoline including Clark. He said that he was unable to recall any specific Clark advertisements, and described them as "just another ad, I could care less".

*Gamet v Jenks, supra,* affirmed the granting of a summary judgment where "as a result of his own deposition testimony, plaintiff's ability to present a case was challenged". 38 Mich App 719, 726. The court noted that when a party makes an unequivocal statement of fact, it:

"should be considered as conclusively binding against him in the absence of any explanation or modification, or of a showing of mistake or improvidence." 38 Mich App 719, 726.

In light of the evidence presented by plaintiff's deposition, we find the trial court was correct in granting summary judgment on the grounds that

no genuine issue of fact was presented as to whether plaintiff had relied upon defendant's alleged representations. Therefore, plaintiff's claim that defendant was liable on the basis of the theory of agency by estoppel must fall. Absent a clear contradiction between his deposition testimony and the evidence he might present at trial, plaintiff would be unable to sustain his burden of proof as to the agency by estoppel theory. Therefore, summary judgment was properly entered against him.

At first blush, it seemed as if the trial court erred in finding no genuine issue of material fact as to plaintiff's implied agency claim. The lease, consignment agreement, and other factors, such as those mentioned in *Johnston v American Oil Co,* 51 Mich App 646, 649; 215 NW2d 719, 721 (1974), might seem to indicate that after giving plaintiff the benefit of any reasonable doubt, it would be possible for plaintiff to prevail upon that theory. In light of the pleadings, depositions and exhibits, one might conclude that plaintiff would be able to show that Clark Oil Company had the right to, or in fact did, control Fletcher Williams' operations and that Williams was not an independent contractor.

However, further analysis has led us to conclude that it would be impossible for plaintiff to support his claim at trial. *Johnston, supra,* relied upon *Gizzi v Texaco Co, Inc,* 437 F2d 308, 309–310 (CA 3, 1971), in the course of its discussion of implied agency or agency by estoppel, *Gizzi* noted that the two doctrines were "closely related" and both depended upon actions by the alleged principal to the third person which caused the third person to reasonably believe that the alleged agent was authorized to bind the principal. *Johnston, supra,*

at 649–650. *Gizzi* noted that the "manifestations" of the alleged principal may be made directly to the plaintiff, or, by way of advertising and signs, may be made to the public at large. *Gizzi* further noted:

"In order for the third person to recover against the principal, he must have relied on the indicia of authority originated by the principal, * * * and such reliance must have been reasonable under the circumstances." 437 F2d 308, 309 (Citations omitted).

In the course of our discussion as to plaintiff's claim of agency by estoppel, we noted that plaintiff had stated that he did not rely upon the "indicia of authority originated by * * * " Clark Oil Company. Plaintiff merely accompanied Joe Wright to the gas station. Unlike the plaintiff in *Gizzi* or *Johnston, supra,* plaintiff herein was not seeking any service from the gas station. In the course of reversing the granting of a motion for a directed verdict in favor of the gasoline company, *Gizzi* noted that plaintiff was aware of the company's advertising and had testified "that it had instilled in him a certain sense of confidence in the corporation and its products". 437 F2d 308, 310. Our case involves exactly the opposite situation, and we find that in light of that fact, the trial court correctly granted summary judgment in favor of defendant. Even though plaintiff may be able to prove that Clark was involved quite substantially in Fletcher Williams' activities, *cf., Clark v Texaco, Inc,* 55 Mich App 100, 101; 222 NW2d 52, 53 (1974), plaintiff cannot overcome the basic deficiency in his case. He will not be able to prove the crucial element of reliance.

Although plaintiff stated claims upon which relief could be granted, it is clear that it will be

impossible for plaintiff to prove that he relied upon any of Clark's alleged representations, and therefore the trial court properly entered summary judgment in favor of Clark. Our opinion is strictly limited to plaintiff's suit against Clark, and should not be construed as having any bearing upon any possible claim which plaintiff may wish to pursue against Fletcher Williams, the individual proprietor of the service station.

Affirmed.

All concurred.