### FERRELL v VIC TANNY INTERNATIONAL, INC

Docket Nos. 69667-69669. Submitted January 5, 1984, at Detroit.—
Decided May 7, 1984. Leave to appeal denied, 419 Mich __.

Plaintiffs, Judith A. Ferrell, Magi Mooney and Suzette Burstei-
nowicz, brought separate actions in the Macomb Circuit Court
against defendant, Vic Tanny International, Inc., challenging
the propriety of defendant's rules and regulations which specify
the color of the apparel permitted to be worn by members of
the defendant's clubs. Plaintiffs alleged (1) breach of contract,
(2) fraud, misrepresentation and deceit, (3) intentional infliction
of emotional distress, and (4) constitutional, statutory and civil
rights violations. Plaintiffs sought over $1,000,000 each as
actual, punitive and exemplary damages. The trial court, Rob-
ert J. Chrzanowski, J., thereafter granted the defendant's mo-
tions for summary judgment in each action on the ground that
plaintiffs had failed to state a claim upon which relief could be
granted. Plaintiffs appeal. The Court of Appeals consolidated
the cases on appeal. *Held:*

1. The undisputed facts establish that defendant promulgated
the dress code in good faith. The trial court correctly ruled that
the facts as pled failed to state a claim for breach of contract
upon which relief can be granted.

2. The trial court properly granted defendant's motions for
summary judgment against each plaintiff's claims of fraud,
misrepresentation and deceit and for plaintiffs' claims for in-
tentional infliction of emotional distress.

3. Plaintiffs did not sufficiently allege that defendant was

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 61A Am Jur 2d, Pleading § 230 *et seq.*

[3] 61A Am Jur 2d, Pleading §§ 50-52.

[4] 17 Am Jur 2d, Contracts § 366 *et seq.*

[5, 6] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance §§ 4-7.

[6] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance §§ 40, 53.

[7] 16A Am Jur 2d, Constitutional Law § 743.

[7, 8] 15 Am Jur 2d, Civil Rights § 8.

[8] 15 Am Jur 2d, Civil Rights §§ 28 *et seq.,* 49.

[9] 15 Am Jur 2d, Civil Rights § 261.

[10] 73 Am Jur 2d, Summary Judgment §§ 26, 27.

[11] 75 Am Jur 2d, Trial § 87.

engaged in state action, which allegation is necessary to plaintiffs' claim of a violation of the constitutional right to equal protection of the law.

4. Plaintiffs failed to state a claim under either the Michigan equal accommodations act or the Elliott-Larsen Civil Rights Act.

5. The trial court correctly granted summary judgment even though plaintiffs' discovery was incomplete. Plaintiffs have shown no evidence that a factual dispute exists.

6. Plaintiffs' argument that the trial judge was biased or prejudiced against their claims was rejected by the Court of Appeals.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — COURT RULES.

A motion for summary judgment based on a failure to state a claim upon which relief can be granted tests the legal sufficiency of the claim; the motion assumes the existence of competent supporting evidence, but denies that the complaint sets forth a valid cause of action (GCR 1963, 117.2[1]).

2. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — COURT RULES.

All well-pled allegations in the plaintiff's complaint are to be accepted as true and all conclusions based on the factual allegations that can reasonably be drawn in favor of the party opposing the motion must be accepted as true when considering a motion for summary judgment based on a failure to state a claim upon which relief can be granted (GCR 1963, 117.2[1]).

3. ACTIONS — EVIDENCE — WRITTEN INSTRUMENTS — COURT RULES.

A copy of the instrument must be attached to the pleadings and becomes a part of the pleadings for all purposes whenever a claim is founded upon a written instrument (GCR 1963, 113.4).

4. CONTRACTS — PERFORMANCE OF CONTRACTS — GOOD FAITH.

A party to a contract who makes the manner of its performance a matter of its own discretion must exercise that discretion honestly and in good faith.

5. ACTIONS — TORTS — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

Michigan courts recognize the intentional infliction of emotional distress as a distinct and separate cause of action; the plaintiff

must allege that the defendant's actions are extreme and outrageous to state such a claim.

6. TORTS — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

Liability for intentional infliction of emotional distress may be found only where the conduct of the defendant is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community; liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

7. CONSTITUTIONAL LAW — STATE ACTION.

A plaintiff must allege that the defendant was engaged in state action to support a claim of a violation of the constitutional right to equal protection of the law.

8. CIVIL RIGHTS — EQUAL ACCOMMODATIONS ACT.

The Michigan equal accommodations act prohibits a public establishment from denying accommodations, advantages, facilities and privileges on account of race, color, religion, national origin, sex or blindness (MCL 750.147; MSA 28.344).

9. CIVIL RIGHTS — ELLIOTT-LARSEN CIVIL RIGHTS ACT.

An action under the Elliott-Larsen Civil Rights Act must allege discrimination based upon religion, race, color, national origin, age, sex, or marital status (MCL 37.2302; MSA 3.548[302]).

10. JUDGMENTS — SUMMARY JUDGMENT — DISPUTED ISSUES.

A grant of a summary judgment is premature if made before discovery on a disputed issue is complete; however, before a summary judgment will be held to be premature because it was granted before discovery was complete there must be a disputed issue before the court supported by some evidence that a factual dispute exists.

11. TRIAL — BIAS — PREJUDICE — NONJURY TRIALS.

A trial judge sitting without a jury may comment about cases which he believes to be frivolous; the issue of a trial judge's bias or prejudice should come to the Court of Appeals attention only when a litigant can show that the trial judge's views have controlled the decision-making process.

*LeeRoy H. Temrowski, Jr.,* for plaintiffs.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by

*Richard D. Toth* and *A. Albert Sugar),* for defendant.

Before: J. H. GILLIS, P.J., and T. M. BURNS and R. ROBINSON,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the trial court's granting of defendant's motions for summary judgment on the grounds that plaintiffs have individually failed to state claims upon which relief could be granted, GCR 1963, 117.2(1). These cases have been consolidated on appeal on this Court's own motion.

Plaintiffs challenge the propriety of defendant's rules and regulations adopted after they became members of defendant's club, specifying the color of the apparel permitted to be worn by members at one of defendant's clubs. Specifically, plaintiffs question whether the defendant, Vic Tanny International, Inc., can direct its members to wear navy blue jogging suits or navy blue leotards and tights while exercising at the facilities and whether Vic Tanny can evict members for failing to wear navy blue exercise suits. Plaintiffs concede that defendant is willing to rescind the contracts between them and return their money paid toward their respective memberships. Nevertheless, plaintiffs seek sums of over $1 million dollars each as actual, punitive and exemplary damages for their humiliation and embarrassment in having been evicted from defendant's premises. The basis of plaintiffs' respective claims is that each challenge regarding defendant's dress code is individual, hence requiring separate judicial scrutiny. We disagree. Each of plaintiffs' complaints has four counts alleging respectively: (1) breach of contract;

---

*Former circuit judge, sitting on the Court of Appeals by assignment.

(2) fraud, misrepresentation and deceit; (3) intentional infliction of emotional distress; and (4) constitutional, statutory and civil rights violations. Other than the time frame when each plaintiff joined the club and what was told to them during their respective registrations, these cases are essentially the same in every respect.

On November 12, 1982, defendant filed motions for summary judgment against plaintiffs' claims under both GCR 1963, 117.2, subds (1) and (3). On February 2, 1983, the trial court entered separate orders pursuant to GCR 1963, 117.2(1), against each of plaintiffs' claims. In doing so, the trial judge adopted and incorporated his earlier opinion from a previous case involving the same issues.

A motion based on a failure to state a claim upon which relief can be granted pursuant to GCR 1963, 117.2(1) merely tests the legal sufficiency of the claim. Such a motion does not attack the competency of the evidence of the factual support for the allegations in the pleadings. A motion under GCR 1963, 117.2(1) assumes the existence of competent supporting evidence, but denies that the complaint sets forth a valid cause of action. See, generally, Bashara, *The Elusive Summary Judgment Rule: Sifting Through the Maze,* 1976 DC L Rev 397, 401. All well-pled allegations in plaintiffs' complaints are to be accepted as true. All conclusions based on the factual allegations that can reasonably be drawn in favor of the party opposing the motion must be accepted as true. *Id.,* p 402. See also *Karr v Bd of Trustees of Michigan State University,* 119 Mich App 1, 3-4; 325 NW2d 605 (1982), *lv den* 417 Mich 1100.8 (1983). Whenever a claim is founded upon a written instrument, a copy of the instrument must be attached to the pleadings and becomes a part of the pleadings for

all purposes. GCR 1963, 113.4. Accordingly, the trial court should review the written instrument when assessing whether the pleadings state a claim upon which relief can be granted.

Considering this standard, we first consider whether the trial court erred in granting defendant's motions for summary judgment against plaintiffs' breach of contract claims. The trial court properly reviewed plaintiffs' complaints and the contractual provisions relative to defendant's reservation of a right to prescribe rules and regulations which must be obeyed by its members. Plaintiffs, in their complaints, recognized defendant's right to make rules and regulations and conceded that they were in violation of a dress code requiring them to wear navy blue clothing in certain areas of the club which was enacted after they became members. As stated by this Court in *Burkhardt v City National Bank of Detroit,* 57 Mich App 649, 652; 226 NW2d 678 (1975): "Where a party to a contract makes the manner of its performance a matter of its own discretion, the law does not hesitate to imply the proviso that such discretion be exercised honestly and in good faith. See 3A Corbin, Contracts, § 644, pp 78-84." See also Restatement Contracts, 2d, § 205. The undisputed facts establish that defendant promulgated the dress code in good faith. Defendant states that "the principal purpose of such a dress code in its larger clubs is to provide for a uniformity upon patrons working out, which assists in avoiding feelings of embarrassment or self-consciousness in the exercise rooms which, experience has shown, is often detrimental to the willingness of some patrons to participate in exercise programs". Plaintiffs have not made any allegations which would indicate that there was a different

purpose for defendant's dress code. Plaintiffs have failed to show that the dress code was enacted in bad faith. Accordingly, we find that the trial court correctly ruled that the facts as pled failed to state a claim for breach of contract upon which relief can be granted.

We next consider whether the trial court erred in granting defendant's motions for summary judgment against the plaintiffs' claims of fraud, misrepresentation and deceit. Plaintiffs' claims seem to be based in part on Vic Tanny's advertisements which show attractive people exercising in multicolored spandex suits. Plaintiffs claim that Vic Tanny's representations were fraudulent since it knew at the time of contracting that plaintiffs would be required to wear navy colored exercise suits despite Vic Tanny's prior representations and advertisements indicating otherwise. Plaintiffs have failed to make allegations to support a conclusion that Vic Tanny intended to enact the navy exercise suit dress code when it accepted plaintiffs' memberships. Furthermore, even assuming that defendant intended to enact the dress code at the time of contracting, plaintiffs failed to show that defendant's silence was material and bore upon a fact crucial to plaintiffs' respective decisions to buy memberships in defendant's club. *Papin v Demski,* 17 Mich App 151, 154-156; 169 NW2d 351 (1969), *aff'd* 383 Mich 561, 571; 177 NW2d 166 (1970).

The facts of this case show that Vic Tanny informed its members of the dress code soon after it was enacted. Plaintiffs have not alleged that defendant affirmatively stated that no dress codes would be adopted in the future. To the contrary, the contract contains a clause in which defendant reserves the right to make future rules and regulations. We affirm the trial court's dismissal of plaintiffs' claims of fraud, misrepresentation and deceit.

We next consider whether plaintiffs stated a cause of action for intentional infliction of emotional distress. Michigan jurisprudence recognizes intentional infliction of emotional distress as a distinct and separate cause of action. *Ledsinger v Burmeister,* 114 Mich App 12, 17; 318 NW2d 558 (1982). In *Ledsinger,* pp 17-18, this Court adopted the standards set forth in 1 Restatement Torts, 2d, § 46, pp 71-72:

"(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

"(2) Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress

"(a) to a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm, or

"(b) to any other person who is present at the time, if such distress results in bodily harm."

To state a claim for intentional infliction of emotional distress, plaintiffs must allege that defendant's actions are extreme and outrageous:

"It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the

community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'

"The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." 1 Restatement Torts, 2d, § 46, Comment d, p 73.

Plaintiffs' complaints failed to allege sufficient facts to establish extreme and outrageous conduct. Plaintiffs merely allege that defendant enforced its dress code. Nothing in plaintiffs' allegations suggests that the defendant acted in an extreme and outrageous way. The trial court correctly granted summary judgments for defendant on plaintiffs' claims for intentional infliction of emotional distress.

We next consider plaintiffs' claims for violations of their constitutional rights and violations of the equal accommodations act and Elliott-Larsen Civil Rights Act. Plaintiffs have not sufficiently alleged that defendant was engaged in state action which is necessary to their claim of a violation of constitutional rights. See *Moose Lodge No 107 v Irvis,* 407 US 163, 171-173; 92 S Ct 1965, 1970-1971; 32 L Ed 2d 627, 636-637 (1972). Plaintiffs also do not allege a violation of the Michigan equal accommodations act. MCL 750.146, 750.147; MSA 28.343, 28.344. Vic Tanny violated this act when it refused membership to a blind person. *Vidrich v Vic Tanny International, Inc,* 102 Mich App 230; 301 NW2d 482 (1980). The act prohibits a public establishment from denying accommodations, advantages, facilities and privileges on account of race, color, religion, national origin, sex or blindness. MCL 750.147; MSA 28.344. Plaintiffs do not allege that they were denied admission to Vic Tanny's gymnasium for any of these reasons. Plaintiffs have failed to state a claim under the equal accom-

modations act. Likewise, plaintiffs have failed to state a claim under the Elliott-Larsen Civil Rights Act since they have not alleged that they were discriminated against because of their religion, race, color, national origin, age, sex, or marital status. MCL 37.2302; MSA 3.548(302).

We next consider whether the trial court erred in granting defendant's motions for summary judgment before completion of discovery. As stated in *Pauley v Hall,* 124 Mich App 255, 263; 335 NW2d 197 (1983):

"this Court has held that a grant of summary judgment is premature if made before discovery on the disputed issue is complete. *Goldman [v Loubella Extendables,* 91 Mich App 212, 218; 283 NW2d 695 (1979), *lv den* 407 Mich 901 (1979)]; *Johnston v American Oil Co,* 51 Mich App 646, 650-651; 215 NW2d 719 (1974). However, there must be a disputed issue before the court. If the party opposing a motion for summary judgment cannot present competent evidence of a disputed fact because his or her discovery is incomplete, the party must at least assert that such a dispute does indeed exist and support the allegation by some independent evidence, even if hearsay. An unsupported allegation which amounts solely to conjecture does not entitle a party to an extension of time for discovery, since under such circumstances discovery is nothing more than a fishing expedition to discover if any disputed material fact exists between the parties."

In the instant case, plaintiffs have shown no evidence that a factual dispute exists. The trial court, therefore, correctly granted summary judgment even though plaintiffs' discovery was incomplete.

Plaintiffs finally argue that the trial court was biased or prejudiced against their claims. Under the circumstances of this case, we cannot perceive any prejudice or bias toward plaintiffs' claims on the part of the trial court in its decisions. The trial

court properly ruled on each of plaintiffs' claims. Plaintiffs have failed to plead any cause of action upon which relief can be obtained. In the absence of a jury, the trial judge may comment about cases he believes to be frivolous, and if he renders a proper decision, he should not have to be disqualified merely because he openly discloses his views. Only when a litigant can show that the trial judge's views have controlled the decision-making process should the issue of bias or prejudice come to this Court's attention. *Wayne County Prosecutor v Doerfler,* 14 Mich App 428, 439-442; 165 NW2d 648 (1968).

We have reviewed all of plaintiffs' arguments and have found them to be without merit. The trial court is, therefore, affirmed.

Affirmed. Costs to defendant.