SMURDA v CITY OF SOUTHGATE

1. MUNICIPAL CORPORATIONS—LABOR RELATIONS—CIVIL SERVICE RULES—COLLECTIVE BARGAINING AGREEMENT—PROVISIONAL EMPLOYEES—STATUS.

A municipal employee who was appointed to a position provisionally and who was allowed by the city to remain in the position in violation of time limitations imposed on provisional appointments by both the rules of the municipal civil service commission and the collective bargaining agreement between the city and its employees union, who pleaded his rights based upon the collective bargaining agreement and civil service regulations in an attempt to regain his position after being discharged, does not attain any greater status because of the violations on the part of the city.

2. JUDGMENT—SUMMARY JUDGMENT—MOTIONS—FAILURE TO STATE CLAIM—COURT RULES.

A motion for summary judgment based upon the alleged failure to state a claim upon which relief can be granted is to be determined solely by the pleadings and all well-pleaded facts contained therein are to be accepted as true (GCR 1963, 117.2[1]).

Appeal from Wayne, Michael L. Stacey, J. Submitted February 14, 1975, at Detroit. (Docket No. 17477.) Decided July 21, 1975.

Complaint by Michael Smurda against the City of Southgate, the Southgate Municipal Employees' Civil Service Commission, and Thad Moses Local Union #1589, Council 23 of the American Federation of State, County and Municipal Employees,

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 110, 254, 255.

[2] 73 Am Jur 2d, Summary Judgment § 26 *et seq.*

for superintending control to compel his reinstatement to employment. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Eugene A. Goneta,* for plaintiff.

*Stringari, Fritz, Kreger, Asher & Ahearn, P. C.,* for defendant City of Southgate.

*Zwerdling, Maurer, Diggs & Papp,* for defendant Local 1589, AFSCME.

Before: V. J. BRENNAN, P. J., and D. E. HOL-BROOK, JR. and O'HARA,* JJ.

V. J. BRENNAN, P. J. Plaintiff, Michael Smurda, received a provisional appointment to a newly created position in the recreation department of the City of Southgate on July 8, 1968. Shortly after plaintiff was employed, the defendant Civil Service Commission prepared and administered a certifying examination for plaintiff's position. Plaintiff failed to pass the examination and complained about the questions on the examination. He maintained that the questions did not relate to the qualifications necessary for the satisfactory performance of the duties of the position.

Nearly four years later, on April 27, 1972, the City of Southgate Municipal Employees' Civil Service Commission requested plaintiff's department head to provide them with a statement of plaintiff's responsibilities. On May 3, 1972, and May 10, 1972, the defendant Civil Service Commission, through advertisements, notified the public that applications were being accepted for positions in the city including a test for the position occupied

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

by plaintiff. Rule V of the Municipal Employees' Civil Service Commission provides that "notice shall be posted on a bulletin board maintained in a proper place in the Municipal Building, and advertised in at least one local newspaper of general circulation to include the official newspaper of the City". Plaintiff does not contest that the commission complied with these procedures. In fact, the city maintains that written notice of the new testing dates was sent to plaintiff's residence in the City of Southgate. Plaintiff, however, denies that he was personally notified. If he was not personally notified, a factual dispute which we do not attempt to resolve, the reason can perhaps be found from plaintiff's own testimony:

"The address where they attempted to come over is the people that I lived with. A man come knocking at the door and asked for me. Naturally, they didn't know who they were. They didn't know who the person was, so the lady I room from which is Yekin, she denied I stayed there, if it might be a bill collector. So, she just told that person that I don't stay there."

The examination was held without plaintiff's participation and on August 18, 1972, the commission certified to the city a list of those eligible for appointment to the position occupied by plaintiff. On November 4, 1972, the defendant city received a grievance from the duly recognized bargaining agent of the general city employees, AFSCME Local 1589, claiming the city was in violation of Article X of the collective-bargaining agreement and Civil Service Commission Rule VI by retaining uncertified employees in a position for which an eligibility list of qualified applicants had been established. The city notified the union on November 22, 1972 that the position would be vacated

and an appointment made in accordance with the contract. On November 29, 1972, plaintiff was notified that his employment would be terminated effective December 1, 1972 in accordance with the collective-bargaining agreement with the union and the Rules of the Civil Service Commission. Plaintiff's employment was terminated on December 1, 1972.

Plaintiff, through his counsel, requested more specific reasons for his discharge by letter dated January 4, 1973. On January 10, 1973, the counsel for the city informed plaintiff that the reason for his termination was that he was employed in violation of the collective-bargaining agreement with the union and Rule VI of the Rules of the commission.

On February 19, 1973, plaintiff appeared with counsel before the Civil Service Commission for the defendant city to request a hearing on the issue of his allegedly wrongful discharge. The commission's decision, which was issued on March 19, 1973, concluded that adequate reasons were given for plaintiff's termination and that the cause was nondiscriminatory. The decision further concluded that his current demand was untimely and, finally, that as a provisional employee he had no status beyond that specifically granted.

On April 2, 1973, plaintiff brought an action for superintending control against the City of Southgate, its Civil Service Commission and the defendant union to compel his reinstatement. The City of Southgate filed an answer to plaintiff's complaint which raised several affirmative defenses. The defendant union filed a motion for summary judgment which was granted by Wayne County Circuit Court Judge Michael L. Stacey for failure to state a claim upon which relief could be granted. GCR

1963, 117.2(1). An order to this effect was entered on June 1, 1973. It is from this decision that plaintiff now appeals.

The City of Southgate, pursuant to the requirements of the public employment relations act (MCLA 423.201, *et seq.;* MSA 17.455[1], *et seq.),* negotiated a collective-bargaining agreement with AFSCME Local 1589 covering an appropriate bargaining unit of "All certified, full-time employees as designated by the Municipal Employees' Civil Service Commission, Rules and Regulations, excluding supervisors and foremen". Article X, Section 5(a) of the bargaining agreement between the defendant-union and the defendant-city contains the following provisions concerning provisional appointments:

"Section 5. An employee who temporarily works in a higher classification as a provisional appointee to any classification, or as an emergency appointee to any classification shall neither gain seniority in the temporary emergency or provisional classification, nor lose seniority in the employee's current classification, if any, subject to the following:

"a) *Provisional Appointment:* When the City must fill a vacancy without delay and no eligibility list exists, it may make a provisional appointment to a position. The provisional appointment shall expire four (4) months after the date of appointment or when an eligibility list has been certified, whichever is sooner. The City may extend a provisional appointment up to eight (8) additional months, but no one may serve provisionally in any position or combination of positions more than twelve (12) months. When the provisional employee successfully passes a competitive examination for the position in which the employee is serving and is certified eligible for appointment, the employee shall be placed on the appropriate seniority list as of the first full day of work in the classification following certification of eligibility for appointment."

The contract is clear and determines the relative rights of the parties. A person provisionally appointed to fill a vacant position holds that position for four months or until a list of those eligible for appointment to the position has been certified to the appointing authority. The city has the power, under the contract, to extend a provisional appointment for eight additional months, but not thereafter.

In the case at bar, plaintiff was provisionally appointed to fill a vacancy in the recreation department and remained in this position for approximately four years and beyond the date on which an eligibility list had been certified to the appointing authority. Under the circumstances of this case, the city had no discretion to permit defendant to remain in this position. Plaintiff's continued employment as a provisional appointee not only violated the provisions of the collective-bargaining agreement but also constituted a violation of Rule VI of the Rules of the Municipal Employees' Civil Service Commission, approved by the Southgate City Council on May 4, 1960, which provides, in relevant part:

"*Provisional Appointment.* When the appointing authority must fill a vacancy without delay and the Commission is unable to furnish a list of eligibles, the appointing authority may make a provisional appointment to the position. The provisional appointment shall expire four (4) months after the date of appointment, or when an eligibility list has been certified, whichever is sooner. However, the Commission must approve the provisional appointment, and the Commission may approve extension of a provisional appointment up to eight (8) additional months when no eligible list has been established, but no one may serve provisionally in any position or combination of positions more than twelve (12) months. When the provisional employee

successfully passes a competitive examination for the position in which he is serving, he shall be certified as eligible for appointment. If appointed without lapse of service, his date of appointment shall be the same as his date of provisional appointment."

However, plaintiff does not attain any greater status by reason of the aforementioned violations of the city. His rights as pleaded were based upon the collective bargaining agreement and civil service regulations. The trial court properly decided plaintiff stated no claim upon which relief could be granted.

A motion for summary judgment under GCR 1963, 117.2(1) is to be determined solely by the pleadings, *Sanders v Clark Oil Refining Corp,* 57 Mich App 687; 226 NW2d 695 (1975), *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974), and all well-pleaded facts contained therein are to be accepted as true. *Sanders v Clark Oil Refining Corp, supra.* Viewing plaintiff's complaint in this fashion, we find, as did the trial judge, that plaintiff has failed to state a claim upon which the requested relief, reinstatement, can be granted.

In his complaint plaintiff alleged that certain irregularities existed with respect to the examination he initially took and failed. Nowhere in his complaint does plaintiff allege, however, that he failed to take the new test because the notice given thereof failed to comply with the procedures established by the rules or that he was, in some manner, improperly excluded from learning of or taking the new test. The charter provision and rule alleged by plaintiff to have been violated do no more than state the purpose and objectives of the civil service system and can, in no way, be said to require any more specific type of notice than that required by Rule V.

By his complaint plaintiff did allege that after the union filed its grievance he was not provided an opportunity to present witnesses on his behalf or confront the witnesses against him. By these allegations plaintiff appears to believe that he was entitled to a hearing before his discharge. Such is not the case, however. Plaintiff was only provisionally employed until someone, properly certified to the appointing authority, could be appointed to fill the position. He had no right to a pre-termination hearing.

Similarly, plaintiff's remaining allegations, when considered in light of the fact that he held the position as a provisional appointee, fail to establish a claim upon which relief can be granted.

Affirmed.