## McLAUGHLIN v CONSUMERS POWER COMPANY

1. JUDGMENT—SUMMARY JUDGMENT—COURT RULES—ISSUE OF FACT.

A motion for summary judgment before trial has commenced on the ground that there is no genuine issue of material fact is not to be granted unless it can be said, giving the benefit of every reasonable doubt to the party opposing the motion, that there is no genuine issue as to any material fact (GCR 1963, 117.2).

2. JUDGMENT—SUMMARY JUDGMENT—DEPOSITION—CONTRIBUTORY NEGLIGENCE.

Summary judgment for a defendant was not warranted where the trial judge, based upon the deposition testimony of a plaintiff, found the plaintiff to have been contributorily negligent as a matter of law, where the deposition was equally susceptible of an interpretation allowing reasonable minds to differ over the question of his contributory negligence.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—REASONABLENESS.

Contributory negligence as a matter of law cannot be found where there is a question of the reasonableness of plaintiff's action in entering a manhole in new sewer construction and striking a match, resulting in an explosion of accumulated gas, in that plaintiff's deposition showed that he was an experienced workman on that kind of job and was aware that at times an interruption of gas service accompanied the sewer work and that the gas company on more than one occasion had cut, reconnected, or repaired a gas line, but he did not state that a gas line was disturbed in the particular manhole he was working on or that gas had earlier seeped or escaped into the manhole, it was by no means clear that plaintiff's manhole was connected into the entire system in such a fashion as to lead him inescapably to the conclusion that the disruptions of which

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment § 26 *et seq.*
[2] 73 Am Jur 2d, Summary Judgment § 6.
Propriety of granting summary judgment in case involving issue of gross or wanton negligence. 50 ALR2d 1309.
[3] 57 Am Jur 2d, Negligence §§ 6, 295–302, 333.
[4] 61 Am Jur 2d, Pleading § 4 *et seq.*

he was aware would necessarily result in escaped gas reaching his manhole, and plaintiff stated in his deposition that when he went in the manhole on the day of the accident he did not notice the smell of gas.

4. Pleading—Conclusions of Pleader—Facts—Right to Relief.

A court properly struck from a plaintiff's pleadings counts for strict liability and breach of warranty where the pleadings were merely legal conclusions and the record of facts does not establish the plaintiff's right to relief under these theories.

Appeal from Oakland, William P. Hampton, J. Submitted Division 1 December 12, 1973, at Detroit. (Docket No. 15894.) Decided April 29, 1974.

Complaint by Donald J. McLaughlin against Consumers Power Company for negligence, strict liability, and breach of warranty. Summary judgment for defendant. Plaintiff appeals. Affirmed in part, reversed in part, and remanded for trial.

*George A. Jones,* for plaintiff.

*Hartman, Beier, Howlett, McConnell & Googasian, W. E. Wisner,* and *Richard L. Mintz,* for defendant.

Before: V. J. Brennan, P. J., and Quinn and Carland,* JJ.

V. J. Brennan, P. J. Plaintiff, Donald McLaughlin, appeals from a decision of the Oakland County Circuit Court granting defendant Consumers Power Company's motion for summary judgment on the issue of negligence and also granting defendant's motion to strike the counts of strict liability and breach of warranty from plaintiff's complaint.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The events which are the subject of the present controversy occurred when plaintiff was engaged in the construction of manholes on a new sewer line which Boam Construction Company of Livonia, Michigan was laying for Genesee County. On the morning of Monday, August 22, 1966, plaintiff, who was inside a manhole and waiting for his tools to be lowered to him, was severely injured as a result of an explosion which occurred when he struck a match to light a cigarette. Over the weekend the covered manhole apparently became filled with gas which exploded when plaintiff struck the match.

Plaintiff originally brought this action in the Wayne County Circuit Court seeking damages against defendant for negligence. Defendant filed a motion for change of venue, which was granted, and the cause proceeded in the Oakland County Circuit Court. Plaintiff filed an amended complaint which sought to hold defendant liable for the injuries he suffered on counts of negligence, strict liability and breach of warranty. Defendants filed an answer to plaintiff's amended complaint and thereafter a substantial period of time was spent in discovery. Defendant filed a motion seeking summary judgment in its behalf as to all three counts and also sought to have the counts of strict liability and breach of warranty stricken from the complaint. The trial court granted defendant's motion to strike holding mainly that plaintiff's complaint was legally inadequate with respect to the counts based on strict liability and breach of warranty because plaintiff pleaded only legal conclusions. The trial court also granted defendant's motion for summary judgment on the issue of negligence holding that the testimony contained in plaintiff's deposition established, as a matter of

law, that plaintiff was contributorily negligent. It is from this determination that plaintiff appeals.

Plaintiff first contends that the trial court erred in granting defendant's motion for summary judgment. We agree. A motion for summary judgment under GCR 1963, 117.2(3), made before trial has commenced, is not to be granted unless it can be said, giving the benefit of every reasonable doubt to the party opposing the motion, that there is no genuine issue as to any material fact. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973); *Rowen & Blair Electric Co v Flushing Operating Corp,* 49 Mich App 89; 211 NW2d 527 (1973). When such an issue is found to exist, after reviewing all affidavits filed under GCR 1963, 117.3 and all "pleadings, depositions, admissions and documentary evidence then filed in the action or submitted by the parties", the case should be allowed to go to trial.

In the instant case summary judgment was granted by the trial judge on the basis of plaintiff's deposition testimony. The trial judge characterized the statements of plaintiff as evidencing an awareness on his part of the possibility that gas was trapped in the manhole at the time of the accident. He found that plaintiff was an experienced workman on this type of project and that he should have taken certain precautions before entering the manhole. The trial judge likened the facts of this case to those which were present in *Parsonson v Construction Equipment Company,* 386 Mich 61; 191 NW2d 465 (1971), and found, as a matter of law, that plaintiff did not exercise that degree of ordinary care which a reasonably prudent person of similar experience would have exercised under similar circumstances.

The trial judge obviously labored over this part

of the case as much as we have and the record certainly can be construed to support the disposition he made. After reading the deposition ourselves, however, we feel that, giving plaintiff the benefit of every reasonable doubt, the case is not so clear as to warrant disposition through summary judgment. Plaintiff's deposition is equally susceptible to an interpretation allowing reasonable minds to differ over the question of his contributory negligence. It is in a situation just such as this that the case should be submitted to the jury who, after observing the demeanor of witnesses and judging their credibility, is better able to resolve factual disputes.

A reading of plaintiff's deposition reveals that he was indeed an experienced workman on this type of job. It is not so clear from the deposition, however, whether plaintiff was aware, or in the exercise of reasonable care should have been aware, of the fact that gas was trapped in the covered manhole. Plaintiff stated that he was aware of the fact that at times an interruption of gas service accompanied the sewer work and that he was aware that on more than one occasion the gas company had to come to either cut, reconnect, or repair a gas line. At no time did plaintiff state, however, that a gas line was disturbed in the particular manhole he was working on or that gas had earlier seeped or escaped into the manhole. These were new sewer lines which plaintiff was working on and it is by no means clear from the record whether plaintiff's manhole was connected to the entire system in such a fashion as to lead him inescapably to the conclusion that the disruptions of which he was aware would necessarily result in escaped gas reaching his manhole. Furthermore, plaintiff stated in his deposition that

when he went into the manhole on the day of the accident he did not notice the smell of gas. In response to a question plaintiff stated that he was aware of the possibility of gas being present in the manhole but our reading of this response leads us to conclude that this answer was given in the sense that anything is possible. Under these circumstances we believe that the reasonableness of plaintiff's action in striking a match, before he commenced working, is properly a question to be decided after each side has had the opportunity to present its proof. Particularly relevant in our decision in this regard are the facts that plaintiff stated he never noticed the smell of gas and that nothing on the record supports a conclusion that plaintiff had noticed the presence of gas in this manhole earlier. While plaintiff may well have been contributorily negligent we cannot say that he was such as a matter of law.

Plaintiff next alleges that the lower court erred in striking two counts from his complaint which sought to hold defendant liable on counts of strict liability and breach of warranty. We find no error. Plaintiff, in these two counts, did not set forth facts sufficient to reasonably apprise the defendant of the nature of the cause he was called upon to defend. GCR 1963, 111.1. Since plaintiff merely pleaded legal conclusions, the trial court's action in this case of striking the last two counts was proper. See *Pursell v Wolverine Pentronix, Inc*, 44 Mich App 416; 205 NW2d 504 (1973). Furthermore, it appears from our review of the record that the facts of this case, when judged by the law of this state, do not establish plaintiff's right to relief under the theories urged. Accordingly, for both of the foregoing reasons, we affirm the action of the trial judge in striking the last two counts from plaintiff's complaint.

Affirmed in part; reversed in part. Remanded for trial on Count I of plaintiff's complaint.

Costs to plaintiff.

All concurred.