ALLSTATE INSURANCE COMPANY v BEAUREGARD

Docket No. 59237. Submitted June 15, 1982, at Detroit.—Decided August 26, 1982.

Eleanor Beauregard was involved in an automobile accident while driving an uninsured automobile owned by her daughter and son-in-law. She was subsequently named as a defendant in two civil actions. Eleanor and her husband, Willie E. Beauregard, were insured by Allstate Insurance Company. Allstate brought an action for a declaratory judgment against the Beauregards, the daughter and son-in-law, Doris and William Kirksey, and the plaintiffs in the civil suits, seeking a determination of liability under the insurance policy. The policy provided coverage for accidents involving "non-owned automobiles", but the policy definition of "non-owned automobiles" excluded an automobile owned by a resident of the insured's household. The Wayne Circuit Court, Thomas J. Brennan, J., found that the Kirkseys resided in the Beauregard household and that, therefore, the coverage did not apply. Summary judgment was granted in favor of Allstate, and the Beauregards and Kirkseys appeal, alleging that the exclusion is invalid, that Allstate's affidavits in support of its summary judgment motion were defective and that there was a material issue of fact concerning the Kirkseys' residence. *Held:*

1. The exclusion was invalid and unenforceable, being created by a definition rather than being contained in the policy's list of exclusions to liability coverage.

2. The affidavit of an attorney, submitted upon information and belief, is not sufficient to support a motion for summary judgment based on the lack of a genuine issue as to any material fact. No sufficient affidavit was filed, thus summary judgment was inappropriate.

3. There was no question, based on the pleadings and deposi-

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance §§ 241, 242.
  What is a "non-owned" automobile within the meaning of the coverage clause of an automobile liability policy. 83 ALR2d 926.
[2, 3] 73 Am Jur 2d, Summary Judgment § 18.

tions before the trial court, that the Kirkseys and Beauregards lived in the same residence.

Reversed and remanded.

1. INSURANCE — AUTOMOBILES — EXCLUSIONS — NON-OWNED AUTOMOBILES.

An exclusion to "non-owned automobiles" liability coverage in an automobile insurance policy, wherein coverage is excluded if the non-owned automobile is owned by a member of the insured's household, is unenforceable where the exclusion is not contained in the policy's list of exclusions but is embedded in the definitional section of the policy.

2. JUDGMENTS — SUMMARY JUDGMENT — MOTIONS — AFFIDAVITS — COURT RULES.

A motion for summary judgment on the basis that there is no genuine issue as to any material fact must be supported by affidavits made on personal knowledge, setting forth with particularity such facts as would be admissible to establish or deny the grounds stated in the pleading or motion; generally, an affidavit of an attorney for a party, submitted upon information and belief, is not sufficient to support the motion for summary judgment (GCR 1963, 116.4, 117.2[3]).

3. JUDGMENTS — SUMMARY JUDGMENT — MOTIONS — AFFIDAVITS — MATERIAL FACTS.

A trial court has the authority to excuse a party from presenting material facts in support of a motion for summary judgment where he cannot present the material facts essential to justify his position because such facts are known only to persons whose affidavits he cannot procure (GCR 1963, 116.6).

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *Simeon R. Orlowski*), for plaintiff.

*Charfoos, Christensen, Gilbert & Archer, P.C.* (by *Adrienne G. Southgate*), for defendants Beauregard.

Before: V. J. BRENNAN, P.J., and D. C. RILEY and V. R. PAYANT,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. On May 29, 1976, defendant Eleanor Beauregard was involved in an automobile accident while operating an uninsured automobile owned by her daughter and son-in-law. As a result of this accident, she was named as a defendant in two civil actions.

Plaintiff insurance carrier filed a declaratory judgment action seeking a determination of liability under its no-fault policy with defendants Willie and Eleanor Beauregard. Under the terms of that policy, appellants were provided coverage for accidents involving "non-owned automobiles". However, the policy's subsequent definition of the term "non-owned automobile" excluded cars owned by, or available for the regular use of, any resident of the insured's household. The practical effect of this definition is that the Beauregards were covered while driving some "non-owned automobiles" but not while driving an automobile belonging to a resident of the household.

The Wayne County Circuit Court found that the Beauregards' daughter and son-in-law resided in their household and, therefore, the "non-owned automobile" coverage did not apply. The court granted plaintiff's motion for summary judgment pursuant to GCR 1963, 117.2(3). On appeal, appellants raise three issues for our consideration.

Appellants rely upon the Supreme Court's recent decision in *State Farm Mutual Automobile Ins Co v Ruuska*, 412 Mich 321; 314 NW2d 184 (1982), to support their contention that the policy's provision excluding coverage for accidents involving automobiles owned by residents of their household is invalid. In *Ruuska*, the issue was whether the insurance policy's exclusionary clause, which was virtually identical to the one involved in the case at bar, was valid.

In *Ruuska,* the trial court determined that this exclusion contravened the no-fault insurance act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* This Court affirmed the trial court's order of summary judgment on the grounds that the exclusion, though theoretically sound, was invalid as it was created by a definition hidden among the provisions of the policy, rather than under the list of exclusions to liability coverage. *State Farm Mutual Automobile Ins Co v Ruuska,* 90 Mich App 767; 282 NW2d 472 (1979).

On appeal to the Supreme Court, four Justices agreed that such an exclusion was invalid. There was a three-to-one split among those four Justices, however, as to why the exclusion was invalid. Justices Wɪʟʟɪᴀᴍs, Fɪᴛᴢɢᴇʀᴀʟᴅ and Mᴏᴏᴅʏ invalidated the exclusion stating: "We find such an exclusion repugnant to the clear directive of the no-fault act requiring that a policy purchased pursuant to that act provide residual liability coverage for the *use of a motor vehicle."* 412 Mich 336. (Emphasis in original.) In view of this broad holding, these three Justices did not reach the issue of whether the exclusionary clause was ambiguous or hidden within the policy.

Justices Rʏᴀɴ and Kᴀᴠᴀɴᴀɢʜ concurred in Chief Justice Cᴏʟᴇᴍᴀɴ's dissenting opinion which would hold that the insurance policy was neither contrary to the no-fault act nor ambiguous.

In casting the deciding vote in favor of invalidating the policy's exclusion, Justice Lᴇᴠɪɴ concurred in the result but not the rationale of the Wɪʟʟɪᴀᴍs opinion. Justice Lᴇᴠɪɴ found the exclusion unenforceable on the ground that it was not contained in the policy's list of exclusions but rather was embedded in the definitional section of the policy. Justice Lᴇᴠɪɴ also felt that the exclusion was

unconscionable. He pointed out that a layperson who purchases an insurance policy covering "non-owned automobiles" would rightfully assume that he was insured when he borrowed a car owned by a member of his family. Therefore, he concluded that an exclusion that is contrary to this reasonable expectation is unconscionable, especially where it is not set forth in the list of exclusions.

In deciding this case, we are governed by the result in *Ruuska, supra,* and, therefore, we hold that appellants' no-fault policy did not exclude coverage for this accident.

In any event, the trial court's order of summary judgment must be reversed on the ground that the affidavits in support of plaintiff's motion were fatally defective.

It is well established that a motion for summary judgment pursuant to GCR 1963, 117.2(3) must be supported by affidavits meeting the requirements of subrules 116.4, 116.5, and 116.6. GCR 1963, 117.3. Subrule 116.4 provides that:

"[A]ffidavits shall be made on personal knowledge and shall set forth with particularity such facts as would be admissible as evidence to establish or deny the grounds stated in the pleading or motion. Such affidavits shall show affirmatively that the affiant, if sworn as a witness, can testify competently to the facts contained therein."

As a general rule, attorney affidavits such as the one in the case at bar, submitted upon information and belief, are not sufficient to support a motion for summary judgment brought under subrule 117.2(3). *Peck v Auto-Owners Ins Co,* 112 Mich App 329, 334-335; 315 NW2d 586 (1982).

Under the appropriate circumstances, the trial court has the authority to excuse the litigant

from presenting the material facts in the affidavit. GCR 1963, 116.6; *Brooks v Reed,* 93 Mich App 166; 286 NW2d 81 (1979). Subrule 116.6 states:

"When Affidavits are Unavailable. Either party may state in his affidavit that he cannot present the material facts essential to justify his position because such facts are known only to persons whose affidavits he cannot procure.

"The affidavit shall name such persons and state why their testimony cannot be procured, together with a belief and reasons therefor as to the nature of their probable testimony. Thereupon the court may make such order as may be just, either denying the motion or ordering a continuance to permit the affidavit to be supported by further affidavits to be obtained, or depositions to be taken, or answers to interrogatories to be furnished, or discovery to be had."

In this case, plaintiff failed to file such an affidavit and, therefore, its failure to present a sufficient affidavit cannot be excused.

Finally, we reject appellants' contention that there was a material issue of fact concerning the issue of residence. The trial court had before it adequate information gleaned from the pleadings and depositions to support its finding that there was no question but that the appellants lived in the same residence as their daughter and son-in-law. GCR 1963, 117.3.

Reversed and remanded.

No costs.