KARRAR v BARRY COUNTY ROAD COMMISSION

Docket No. 66736. Submitted July 1, 1983, at Grand Rapids.—Decided
August 2, 1983.

Defendant Williams Brothers Asphalt and Paving Company, Inc.,
contracted with defendant Barry County Road Commission to
repave a portion of a road. The contract did not require
Williams Brothers to grade the shoulders after completion of
the project. Under the contract, the Barry County Road Com-
mission was to replace the gravel shoulders and to warn
motorists of the low shoulder condition. Williams Brothers
completed its work and left the site on October 26, 1977. The
job was inspected and approved by the area engineer for the
Federal Highway Administration on November 17, 1977. Be-
tween the completion of the repaving project and the time of
the accident 24 days later the road commission had not re-
placed the shoulders. Nor had the road commission posted
warnings of the low shoulders. On November 19, 1977, Pamala
Sue Karrar was injured when the wheels of the car she was
driving left the pavement and dropped to the shoulder of the
road. In attempting to return the wheels to the pavement she
lost control of the car and an accident occurred. Paul V.
Karrar, individually and as next friend of Pamala Karrar, and
Ann M. Karrar brought an action against defendants Barry
County Road Commission and Williams Brothers Asphalt and
Paving Company, Inc., in the Barry Circuit Court, alleging
negligence, gross negligence, wilful and wanton misconduct,
and intentional nuisance against Williams Brothers. The court,
Richard Robinson, J., granted summary judgment to Williams

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgments § 18.
[2] 61A Am Jur 2d, Pleading § 231.
[3] 73 Am Jur 2d, Summary Judgment § 26.
[4] 57 Am Jur 2d, Negligence § 32.
[5] 57 Am Jur 2d, Negligence § 34.
[6] 57 Am Jur 2d, Negligence § 36.
[7] 58 Am Jur 2d, Nuisances § 1.
[8] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 337 *et seq.*, 371
*et seq.*

Brothers for the reason that there was no genuine issue of material fact as to that defendant and Williams Brothers was entitled to a judgment as a matter of law. Plaintiffs appealed.
*Held:*

1. Williams Brothers's attorney submitted an affidavit in support of the motion for summary judgment. The affidavit stated that he had attended the deposition of the project engineer on the repaving project, had reviewed the transcript of the deposition, and, as a result, could competently testify as to the contents of the deposition. The affidavit then listed various facts drawn from the deposition. The affidavit was *legally insufficient. A motion for summary judgment on the basis that there is no genuine issue as to any material fact* must be supported by affidavits made on personal knowledge, setting forth with particularity such facts as would be admissible to establish or deny the grounds stated in the pleading or motion.

2. A motion for summary judgment based on failure to state a claim upon which relief may be granted challenges the legal sufficiency of the pleadings. All well-pleaded allegations of fact must be taken as true and the proper inquiry is whether the claims made are so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery. Plaintiff's complaint alleged a duty, and it is not clear that no factual development could establish that duty. Therefore, summary judgment for failure to state a claim for which relief can be granted was not warranted.

3. The trial court did not err in holding that, on the undisputed facts, Williams Brothers owed no duty to Pamala Karrar and that Williams Brothers was not liable for negligence, gross negligence, or for wilful and wanton misconduct.

4. A nuisance is primarily a condition which may result from a want of due care but may still exist as a dangerous, offensive, or hazardous condition even with the best of care, and liability for the maintenance of a nuisance is not predicated on tortious conduct through action or inaction on the part of those responsible for the condition. There was a question of fact as to whether the highway was in a "dangerous, offensive or hazardous condition". The court erred in granting summary judgment on the intentional nuisance claim.

Reversed and remanded.

D. F. WALSH, P.J., dissented in part. He agreed with the result but would hold that Williams Brothers owed a duty to the public to leave the highway in a safe condition or to warn of the danger.

OPINION OF THE COURT

1. JUDGMENTS — SUMMARY JUDGMENT — MOTIONS — AFFIDAVITS — COURT RULES.

A motion for summary judgment on the basis that there is no genuine issue as to any material fact must be supported by affidavits made on personal knowledge, setting forth with particularity such facts as would be admissible to establish or deny the grounds stated in the pleading or motion; generally, an affidavit of an attorney for a party, submitted upon information and belief, is not sufficient to support the motion for summary judgment (GCR 1963, 116.4, 117.2[3]).

2. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — COURT RULES.

A motion for summary judgment based on failure to state a claim upon which relief may be granted challenges the legal sufficiency of the pleadings; all well-pleaded allegations of fact must be taken as true and the proper inquiry is whether the claims made are so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery (GCR 1963, 117.2[1]).

3. JUDGMENTS — SUMMARY JUDGMENT — ISSUE OF FACT.

A court should give the benefit of any reasonable doubt to the party opposing the motion, where it is faced with a motion for summary judgment based upon the ground that there is no genuine issue as to any material fact, and should not grant judgment unless it finds from the pleadings, affidavits, depositions, and other documentary evidence submitted by the parties that it is impossible for the claim to be supported at trial because of some deficiency which cannot be overcome.

4. NEGLIGENCE — ELEMENTS OF ACTION.

The elements of an action for negligence are: (1) duty, (2) general standard of care, (3) specific standard of care, (4) cause in fact, (5) legal or proximate cause, and (6) damage.

5. NEGLIGENCE — DUTY — QUESTION OF LAW — QUESTION OF FACT.

The question of the existence of a legal duty is one for the courts; however, the question of the existence of facts giving rise to a legal duty is for the factfinder.

6. NEGLIGENCE — DUTY.

Duty, in a negligence case, is an obligation to conform to a

particular standard of conduct toward another in light of the apparent risk.

7. Nuisance — Words and Phrases.

A nuisance is primarily a condition which may result from a want of due care but may still exist as a dangerous, offensive, or hazardous condition even with the best of care, and liability for the maintenance of a nuisance is not predicated on tortious conduct through action or inaction on the part of those responsible for the condition.

Partial Concurrence and Partial Dissent by D. F. Walsh, P.J.

8. Highways — Negligence — Duty of Highway Contractor.

A highway contractor owes a duty to the public to leave a roadway in a safe condition or to adequately warn persons using the roadway of the danger and to protect them from injury regardless of the contractual terms as to those matters.

*Nelson & Kreuger* (by *Steven L. Kreuger),* for plaintiffs.

*Smith, Haughey, Rice & Roegge* (by *Constance J. Grzanka),* for defendant Williams Brothers Asphalt and Paving Company, Inc.

Before: D. F. Walsh, P.J., and R. M. Maher and T. Roumell,* JJ.

Per Curiam. Plaintiffs appeal from the trial court's order granting Williams Brothers's motion for summary judgment, GCR 1963, 117.2(3).

In the early morning of November 19, 1977, Pamala Karrar, an 18-year-old high school senior, left her parent's home for work at the Tick-Tock Restaurant in Hastings. On her way, she drove down a portion of Usborne Road between Vedder Road and Brown Road. At some time, the wheels on the passenger side of her vehicle left the pavement and dropped onto the shoulder. At that point

* Circuit judge, sitting on the Court of Appeals by assignment.

in the road, the pavement was three inches above the gravel shoulder. She continued 176 feet with her passenger side tires on the shoulder and then attempted to turn the wheels back onto the pavement where the pavement dropped 5-1/2" to the shoulder. After she returned all of the tires to the pavement, Ms. Karrar's vehicle left the opposite side of the road, slid and rolled down the embankment and crashed into a tree. As a result, Ms. Karrar suffered serious injuries.

The portion of the highway on which the accident occurred had recently been repaved by Williams Brothers Asphalt and Paving Company, Inc., defendant herein. Williams Brothers had entered into a contract with the Michigan Department of State Highways to repave that portion of Usborne Road. The contract did not require Williams Brothers to grade the shoulders after completion of the project. Under the contract, the Barry County Road Commission was to replace the gravel shoulders and to warn motorists of the low shoulder condition. Williams Brothers commenced its repaving project sometime in October, 1977, and completed its work and left the site on October 26, 1977. The job was inspected and approved by the area engineer for the Federal Highway Administration on November 17, 1977.

. Between the completion of the repaving project and the time of the accident 24 days later the road commission had not replaced the shoulders. Nor had the road commission posted warnings of the low shoulders.

On November 16, 1979, plaintiffs instituted this action against the county board of road commissioners and Williams Brothers. Plaintiffs alleged that Williams Brothers had been negligent because it neither replaced the shoulders nor warned motorists of the dangerous condition. On March 5,

1982, Williams Brothers moved for summary judgment pursuant to GCR 1963, 117.2, subds (1) and (3). On July 3, 1982, plaintiffs moved to amend their complaint to add counts of gross negligence, wilful and wanton misconduct, and intentional nuisance against Williams Brothers.

On July 9, 1982, oral arguments were heard on Williams Brothers's motion for summary judgment. At the conclusion of the hearing, the trial court granted summary judgment pursuant to subrule 117.2(3) as to all counts, indicating that at the same time it was granting plaintiffs' motion to amend.

Plaintiffs contend that the trial court erred in granting summary judgment because Williams Brothers's affidavit was insufficient. A motion brought under GCR 1963, 117.2(3) must be supported by an affidavit. Those affidavits are governed by GCR 1963, 116.4, 116.5, and 116.6. GCR 1963, 116.4 states in pertinent part:

"Supporting and opposing affidavits shall be made on personal knowledge and shall set forth with particularity such facts as would be admissible as evidence to establish or deny the grounds stated in the pleading or motion. Such affidavits shall show affirmatively that the affiant, if sworn as a witness, can testify competently to the facts contained therein."

Plaintiffs argue that Williams Brothers's affidavit failed to satisfy the subrule's "personal knowledge" requirement.

The affidavit was sworn out by Williams Brothers's attorney. In it, he stated that he had attended the deposition of Jack Kineman, the project engineer on the repaving project, had reviewed the transcript of that deposition, and, as a result, could competently testify as to the contents of the

deposition. The affidavit then listed various facts drawn from the deposition.

It is well settled that attorney affidavits submitted upon information and belief are not sufficient to support a motion under subrule 117.2(3). See, *e.g., Jones v Shek,* 48 Mich App 530; 210 NW2d 808 (1973); *Allstate Ins Co v Beauregard,* 119 Mich App 103; 326 NW2d 439 (1982). Such affidavits are insufficient because they do not show that the affiant, if sworn as a witness, could testify competently as to the facts set forth in the affidavit. *Jones v Shek, supra,* p 532. In the present case, defense counsel did not submit his affidavit upon information and belief. But his affidavit has the same defect. He stated merely that he could testify as to the contents of Kineman's deposition. Defense counsel had no personal knowledge of the facts related by Kineman. Were he sworn as a witness, defense counsel could offer only inadmissible hearsay. Thus, the affidavit was insufficient to support a motion under subrule 117.2(3).

Under some circumstances, however, the party moving for summary judgment may be excused from filing an affidavit that complies with subrule 116.4. See GCR 1963, 116.6; *Brooks v Reed,* 93 Mich App 166; 286 NW2d 81 (1979). Subrule 116.6 states:

"When Affidavits Are Unavailable. Either party may state in his affidavit that he cannot present the material facts essential to justify his position because such facts are known only to persons whose affidavits he cannot procure.

"The affidavit shall name such persons and state why their testimony cannot be procured, together with a belief and reasons therefor as to the nature of their probable testimony. Thereupon the court may make such order as may be just, either denying the motion or ordering a continuance to permit the affidavit to be

supported by further affidavits to be obtained, or deposi-
tions to be taken, or answers to interrogatories to be
furnished, or discovery to be had."

Williams Brothers argues that its attorney swore
out the affidavit because Kineman was unavailable
to do so. Even so, defense counsel's affidavit does
not fulfill the requirements set out under subrule
116.6. Thus, Williams Brothers's failure to submit
an adequate affidavit under subrule 116.4 cannot
be excused. *Allstate Ins Co v Beauregard, supra,* p
108. Reversal of summary judgment pursuant to
subrule 117.2(3) is required. *Allstate Ins Co v
Beauregard, supra,* p 107.

Williams Brothers argues, however, that an affi-
davit was not necessary to support its motion for
summary judgment pursuant to subrule 117.2(1). A
motion brought under that subrule does not re-
quire a supporting affidavit. Williams Brothers
contends further that the trial court could have
granted its motion pursuant to subrule 117.2(1). A
motion for summary judgment on the ground that
"the opposing party has failed to state a claim
upon which relief can be granted" tests the legal
sufficiency of a pleaded claim. 1 Honigman &
Hawkins, Michigan Court Rules Annotated (2d ed),
1982 Supp, p 142. The inquiry is whether the
claim made is so clearly unenforceable as a matter
of law that no factual development thereunder
could possibly justify a right to recovery. *Fuhrm-
ann v Hattaway,* 109 Mich App 429; 311 NW2d
379 (1981), *lv den* 414 Mich 858 (1982). Williams
Brothers maintains that the plaintiffs' negligence
claim is legally insufficient for want of a duty
between itself and Pamala Karrar. However, the
complaint alleges such a duty and it is not clear
that no factual development could establish that
duty.

Accordingly, summary judgment as to all counts is reversed. However, we consider plaintiffs' remaining issues because they may arise on remand.

Plaintiffs argue that the trial court erred in ruling that, on the undisputed facts, Williams Brothers was not negligent as a matter of law. The trial court found that the facts upon which the plaintiff must rely to establish his case are undisputed. Those facts, the trial court found, are: (1) Williams Brothers completed its part of the construction contract; (2) the contract required the county road commission to grade the shoulders; (3) the shoulders had not been graded; and (4) the accident happened because the shoulders had not been graded. On these facts, the trial court ruled that Williams Brothers could not have foreseen that the road commission would not have graded the shoulders and that that failure would result in Ms. Karrar's accident.

When faced with a motion for summary judgment,

"the court should give the benefit of any reasonable doubt to the opposing party, and should not grant summary judgment unless it finds that 'it is impossible for the claim * * * to be supported at trial because of some deficiency which cannot be overcome'. *Rizzo v Kretschmer*, 389 Mich 363, 372; 207 NW2d 316, 320 (1973). Inferences are to be drawn in favor of the one opposing the motion, and the court is to consider the affidavits, pleadings, depositions and other documentary evidence submitted by the parties when determining whether or not to grant summary judgment. *Gamet v Jenks*, 38 Mich App 719, 723; 197 NW2d 160, 163 (1972). See also *McLaughlin v Consumers Power Co*, 52 Mich App 663, 666; 218 NW2d 122, 124 (1974)." *Sanders v Clark Oil Refining Corp*, 57 Mich App 687, 691-692; 226 NW2d 695 (1975).

A claim for negligence has six elements: (1) duty; (2) general standard of care; (3) specific standard of care; (4) cause in fact; (5) legal or proximate cause; and (6) damage. *Moning v Alfono,* 400 Mich 425, 437; 254 NW2d 759 (1977). In the present case, the element which the trial court found could not be supported at trial because of some intractable deficiency was "duty". The question of duty is one for the court. *Moning, supra,* pp 436-437; *Friedman v Dozorc,* 412 Mich 1, 22; 312 NW2d 585 (1981); *Smith v Allendale Mutual Ins Co,* 410 Mich 685, 714, fn 22; 303 NW2d 702 (1981). The existence of facts giving rise to the duty, however, is for the factfinder. *Smith v Allendale Mutual Ins Co, supra,* pp 713, 714-715, fn 22. Thus, where "there 'is no genuine issue as to any material fact' relevant to the existence of an asserted duty, the trial court may determine as a matter of law that no cause for action exists". *Miller v Miller,* 373 Mich 519, 524; 129 NW2d 885 (1964).

The Supreme Court has recently defined the concept of "duty" as it is utilized in a negligence action:

" 'A duty, in negligence cases, may be defined as an obligation, to which the law will give recognition and effect to conform to a particular standard of conduct toward another. Prosser, Torts (4th ed), § 53, p 324. The terse legal conclusion that a duty is owed by one to another represents a judgment, as a matter of policy, that the latter's interests are entitled to legal protection against the former's conduct." *Antcliff v State Employees Credit Union,* 414 Mich 624, 630-631; 327 NW2d 814 (1982).

In negligence cases, the duty is to conform to the legal standard of reasonable conduct in light of the apparent risk. *Antcliff, supra,* p 631; *Moning, supra,* p 437.

The question of duty is, in part, one of foreseeability. *Moning v Alfono, supra,* p 439. It seems undisputed that Williams Brothers could have foreseen that the lack of a shoulder on a highway would be dangerous to motorists. The primary issue, however, is whether it could have foreseen that the road would have remained in that dangerous condition 24 days after the completion of the paving project. That question, in turn, depends on whether the road commission's failure to perform its part of the contract within that time period was foreseeable.

Plaintiffs have not pointed to any undisputed facts suggesting that Williams Brothers should have anticipated that the road commission would have failed to warn motorists of the drop-off and failed to correct the condition within the time period preceding the accident. Plaintiffs make much of the fact that Williams Brothers knew there would be some delay in repairing the shoulder. While that fact may have made a three to four week delay in repairing the road foreseeable, it does not make foreseeable the road commission's failure to post warnings of the hazard. Inasmuch as the accident could not have been anticipated unless the road commission's failure in both respects was foreseeable, the court correctly concluded that Williams Brothers owed no duty to Pamala Karrar.

The trial court did not err in deciding that, on the undisputed facts, Williams Brothers was not liable for negligence. Consequently, the court also did not err in ruling that Williams Brothers was not liable for gross negligence and for wilful and wanton misconduct.

Plaintiffs also argue that the trial court erred in ruling that, on the undisputed facts, Williams

Brothers was not liable for intentional nuisance.
Nuisances are divided into two categories, nuisances per se and nuisances in fact. *Gerzeski v Dep't of State Highways,* 403 Mich 149, 158; 268 NW2d 525 (1978) (opinion of MOODY, J.). The latter category is divided into intentional nuisance and negligent nuisance. The Supreme Court in *Denny v Garavaglia,* 333 Mich 317, 331; 52 NW2d 521 (1952), citing *Beckwith v Town of Stratford,* 129 Conn 506, 511; 29 A2d 775 (1942), defined intentional nuisance:

"A second [type of nuisance] includes nuisances which are intentional, using that word as meaning not that a wrong or the existence of a nuisance was intended but that the creator of them intended to bring about the conditions which are in fact found to be a nuisance."

Whether or not a condition constitutes an intentional nuisance is a question for the trier of fact. *Gerzeski, supra,* p 160. The trier of fact must determine, first, whether the particular thing or act constitutes a nuisance and, second, whether the nuisance was created intentionally. *Id.*

Because it is undisputed that the condition of the highway at the time of the accident was created intentionally by Williams Brothers, the primary question is whether a genuine issue existed as to whether that condition is a nuisance. In *Buckeye Union Fire Ins Co v Michigan,* 383 Mich 630, 636; 178 NW2d 476 (1970), the Court defined nuisance as follows:

"Primarily, nuisance is a condition. Liability is not predicated on tortious conduct through action or inaction on the part of those responsible for the condition. Nuisance may result from want of due care (like a hole in a highway), but may still exist as a dangerous,

offensive, or hazardous condition even with the best of care."

It is beyond dispute that the drop-off from the pavement ranged from three to five inches after Williams Brothers completed the repaving project. Thus, a jury question exists as to whether the highway was in a "dangerous, offensive or hazardous condition". It cannot be said that no genuine issue as to any material fact relevant to the claim of intentional nuisance existed. The court erred in granting summary judgment on the intentional nuisance count.

Reversed and remanded for proceedings consistent with this opinion. No costs, neither party having prevailed in full.

D. F. WALSH, P.J. *(concurring in part and dissenting in part).* I concur in the result. I write separately to express my disagreement with the majority's conclusion that as a matter of law Williams Brothers owed no duty to the public to leave the highway in a safe condition.

In my judgment, even if it were established by proper affidavit that there was no factual dispute as to Williams Brothers's obligations under its contract with the road commission, Williams Brothers would still owe a duty to the public not to leave the roadway in a dangerous condition without taking some precautions at least to insure that persons using the roadway were adequately warned of the danger and protected from injury. Williams Brothers cannot leave the roadway in a hazardous condition and escape liability for injury that results therefrom merely by proving that, as between itself and a third party, the third party had the contractual obligation to take the necessary precautions to protect the public from injury.